### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ADA I. SANTANA,                 :
   Plaintiff,                  :
                              :
v.                              : Civil No. 3:19CV00106(AWT)
                              :
ANDREW M. SAUL,                 :
COMMISSIONER OF SOCIAL SECURITY, :
   Defendant.                  :

### ORDER REMANDING CASE

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), plaintiff Ada Santana has appealed the Commissioner's November 2, 2018 final decision denying her Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") application.

The plaintiff contends that "the Commissioner's findings are not supported by substantial evidence in the record as a whole and/or that the Commissioner's decision was not rendered in accordance with law."  Pl.'s Mem. to Reverse (ECF No. 15) at 1. Specifically, the plaintiff argues that remand is required because (1) the ALJ failed to develop the record by not requiring a medical source statement ("MSS"); (2) the testimony of the vocational expert ("VE") is unreliable because it was not based on a methodology, the sources were not produced at the hearing, two identified jobs were challengeable, and the

hypothetical residual functional capacity ("RFC") components were supported by "no evidence"; and (3) the ALJ's consideration of bipolar and borderline personality disorders was not supported by substantial evidence.

The defendant responds that the Commissioner's decision is "supported by substantial evidence and is legally correct." Def.'s Mem. to Affirm (ECF No. 21-1) at 2.  Specifically, defendant responds that (1) the evidence was adequate to make the RFC findings without an MSS; (2) the VE's testimony was sufficiently reliable with generally identified sources, at least one unchallenged job, and a hypothetical whose underlying components were accounted for by substantial evidence that was incorporated into the RFC; and (3) the Commissioner's consideration of bipolar and borderline personality disorders is supported by substantial evidence.

For the reasons set forth below, the decision of the Commissioner is reversed, and this case is remanded for additional proceedings consistent with this order.

## I.    STANDARD OF REVIEW

"A district court reviewing a final [] decision . . . [of the Commissioner of Social Security] pursuant to . . . the Social Security Act, 42 U.S.C. § 405(g) . . . is performing an appellate function."  Zambrana v. Califano, 651 F.2d 842, 844

2

(2d Cir. 1981).  The court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  See Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching a conclusion and whether the decision is supported by substantial evidence.  See Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

## II.  ADMINISTRATIVE PROCEEDINGS

The plaintiff filed a DIB application on December 20, 2012 (R. 193-201) and an SSI application on January 7, 2013 (R. 202-10).  The Social Security Administration denied both applications on April 12, 2013 because the plaintiff was expected to improve, and her condition would not prevent her from working for at least 12 months.  R. 116-18, 119-22.

On September 17, 2013, upon reconsideration, the DIB and SSI claims were denied because they were based on drug addiction and/or alcoholism.  R. 126-29, 130-33.

On October 23, 2014, Attorney Grant A. Dail authored a representative brief that argued Listings impairments for major depressive and schizoaffective disorders, anxiety and PTSD, and borderline personality disorder.  R. 272-75.  On October 29, 2014, the first hearing was held.  R. 27-55.  On March 5, 2015,

Administrative Law Judge ("ALJ") Sharda Singh denied the plaintiff's claims. R. 10-26.

On March 30, 2015, the plaintiff submitted a Request for Review of Hearing Decision/Order. R. 667. On April 29, 2016, the Appeals Council denied the plaintiff's request for review. R. 652-54.

On June 30, 2016, Attorney Ivan M. Katz filed an appeal with this court (Santana v. Colvin, Case No. 3:16-cv-01088-JGM). On February 10, 2017, in response to the parties' Consent Motion for Remand to Agency, the court remanded the case to the Appeals Council for further proceedings. R. 656. The relevant part of the Order of Appeals Council dated May 22, 2017, instructed the ALJ to:

> Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). **The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The** Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, **before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT)** and its companion publication, the Selected Characteristics of Occupations (**Social Security Ruling 00-4p**).

R. at 664 (emphasis added).

4

On September 6, 2018, the second hearing was held.  On
November 2, 2018, ALJ Aletto denied the plaintiff's claims.  On
January 2, 2019, Attorney Katz filed this appeal.

### III. RELEVANT FACTS

The ALJ's findings with respect to the plaintiff's RFC is as
follows:

> the claimant has the residual functional capacity to
> perform medium work . . . with the following additional
> limitations: She can occasionally climb ramps and stairs;
> occasionally climb ladders, ropes, or scaffolds; and
> frequently stoop and crouch. She must avoid even moderate
> exposure to dust, odors, fumes, and other pulmonary
> irritant and must avoid concentrated exposure to extreme
> heat, extreme cold, humidity, and wetness. **She can** perform
> simple, routine, repetitive tasks and can recall and
> **execute simple, routine instructions**. She can occasionally
> interact with the public and co-workers, but cannot engage
> in tasks requiring close collaboration with co-workers.
> She can adhere to basic standards for personal hygiene and
> personal grooming ordinarily found in the work place. She
> can tolerate occasional changes in her work setting and
> work procedures, which are simple and routine in nature.

R. at 550 (emphasis added).

During the September 6, 2018, hearing, the ALJ presented VE
Richard Hall with a hypothetical that included, among other
components, a person who "can perform simple, routine,
repetitive tasks, and recall and execute simple, routine
instruction."  R. 614.  When asked whether that person "could
perform any jobs in the national economy", the VE testified that
there were three jobs that this hypothetical person could
perform: packer, kitchen helper, and material handler. R. 615.

The defendant concedes that the plaintiff successfully
challenged the ALJ's findings with respect to the jobs of packer
and kitchen helper (see Def.'s Mem. to Affirm at 10) but states
that "[t]he Commissioner need show only one job existing in the
national economy". Bavaro v. Astrue, 413 F. App'x 382, 384 (2d
Cir. 2011) (citing 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §
404.1566(b)). As to the job of material handler, the VE
testified: "A third example is material handler, DOT 922.687-
058, It is medium exertional demand, SVP 2, national economy
number 115,000. . . . [M]y testimony does comport with the DOT."
R. 615-16.

However, the job of material handler includes the following
restriction:

> Reasoning: Level 2 - Apply commonsense understanding to carry
> out **detailed** but uninvolved written or oral **instructions**.
> Deal with problems involving a few concrete variables in or
> from standardized situations.

Def.'s Mem. to Affirm Ex. (ECF No. 21-2) at 9 (emphasis added).

## IV. DISCUSSION

In arguing that the decision of the Commissioner should be
affirmed, the defendant relies on the RFC findings with respect
to the job of material handler. However, the ALJ had an
affirmative duty to inquire into whether the VE's testimony
conflicted with the DOT, and if there was a conflict, resolve
that conflict before relying on the VE's testimony. The ALJ

6

failed to do so.  The analysis in Jimenez v. Berryhill is

directly on point:

> At the fifth step of the evaluation, the burden shifts to the Commissioner to show "a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). To determine whether such occupations exist in the national economy, the ALJ "will take administrative notice of reliable job information" listed in, among other publications, the DOT. Id. § 404.1566(d). Additionally, the Commissioner may elicit testimony from a VE to prove there are jobs in the national economy that the claimant can perform. Id. § 404.1566(e).
>
> VE testimony amounts to substantial evidence that jobs exist in the national economy the claimant can perform only when three conditions are satisfied. First, "[t]he ALJ must pose hypothetical questions to the [VE] which reflect the full extent of the claimant's capabilities and impairments to provide a sound basis for the [VE's] testimony. Sanchez v. Barnhart, 329 F. Supp. 2d 445, 449 (S.D.N.Y. 2004) (citing De Leon v. Sec'y of Health & Human Serv., 734 F.2d 930, 936 (2d Cir. 1984); Aubeuf v. Schweiker, 649 F.2d 107, 114 (2d Cir. 1981) ). See also Lugo v. Chater, 932 F. Supp. 497, 504 (S.D.N.Y. 1996) ("Proper use of vocational testimony presupposes ... a consistent use of that profile by the vocational expert in determining which jobs the claimant may still perform."). Second, the ALJ has an affirmative duty to inquire into whether the VE's testimony conflicts with the DOT. SSR 00-4p, 65 Fed. Reg. 75759 (Dec. 4, 2000) ("At the hearing level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is ... consistency [between the VE's testimony and the DOT]."). And third, where the VE identifies an apparent conflict, the VE must provide "a reasonable explanation for the conflict." Id.; cf. Pearson v. Colvin, 810 F.3d 204, 208-209 (4th Cir. 2015) (holding that the ALJ must independently identify apparent conflicts even when the VE fails to do so).
>
> . . .
>
> Conflict between VE testimony and the GED Scale Reasoning Development level of the DOT constitutes a conflict requiring

a reasonable explanation before the ALJ may rely on it under SSR 00-4p.[6][1] *See e.g., Roos v. Astrue*, 2008 WL 2309166 at *19 (S.D.N.Y. June 4, 2008) ("The [VE's] description of the reasoning level for the jobs he testified Roos could perform is consistent with the ALJ's hypothetical."); *Day v. Astrue*, 2011 WL 1467652 at *18 (E.D.N.Y. Apr. 18, 2011) (remanding case where ALJ did not address a conflict between the GED reasoning level of the jobs listed in the VE's testimony that was higher than the reasoning level the claimant was capable of performing based on the ALJ's limitations); cf. *Graves v. Astrue*, 2102 U.S. Dist. LEXIS 144024 at *34-35, 2012 WL 4754740 (W.D.N.Y. Oct. 4, 2012) ("District courts in this Circuit have differed as to whether a [GED] reasoning level of 2 conflicts with a hypothetical limiting the claimant to simple, routine, and repetitive tasks.").

Moreover, several circuit courts have recognized that inconsistencies between a VE's testimony and the GED Scale Language Development division of the DOT constitute conflict under SSR 00-4p. *See e.g., Rholetter v. Colvin*, 639 Fed. App'x 935, 938 (4th Cir. 2016) (holding the ALJ erred by relying on the VE's testimony when the VE failed to explain the conflict between the claimant's limitation to reading at a first- or second-grade level and the jobs identified by the VE which require a higher Language Development level); *Givens v. Colvin*, 551 Fed. App'x 855, 863 (7th Cir. 2013) (holding there was no conflict between the Language Development level required by the occupations the VE testified the claimant could perform and the claimant's language development level under the DOT).

<u>Jimenez</u>, No. 16CV3972(DRH), 2018 WL 4054876, at *8 (E.D.N.Y. Aug. 24, 2018).  In <u>Jimenez</u>,

---

[1] Footnote 6 reads (emphasis added):

The GED Scale of the DOT "embraces those aspects of educations (formal and informal) which are required of the worker for satisfactory job performance." DOT 979.687-034. The GED Scale is subdivided into three divisions: **reasoning development,** mathematical development, and language development. *Id.*

there was a conflict between the VE's testimony and the DOT
regarding the GED Scale Language Development level of the
DOT. Although the ALJ found that Plaintiff was capable of
performing light work, the ALJ limited Plaintiff's ability to
perform light work to, *inter alia*, work that does not require
reading or writing for the performance of work tasks. (Tr.
16.) The VE testified that Plaintiff was capable of performing
three different jobs: produce weigher, DOT 299.587-010; scale
operator, DOT 555.687-010; and sealing-machine operator, DOT
690.685-154. Under the DOT work as a produce weigher is
classified as Language Development level one. DOT 299.587-
010. A Language Development level one means that the person
can "recognize the meaning of 2,500 two-or-three syllable
words," "read at a rate of 95-120 words per minute," and
"print simple sentences containing subject, verb, and object,
and a series of numbers, names, and addresses. DOT 299.587-
010. Work as a scale operator and sealing-machine operator
are classified as Language Development level two. A Language
Development level two requires that the person have a
"[p]assive vocabulary of 5,000-6,000 words," and the ability
to [r]ead at [a] rate of 190-215 words per minute," and write
"compound and complex sentences, using cursive style, proper
end punctuation, and employing adjectives and adverbs." DOT
690.685-154; DOT 555.687-010. Based on the reading and
writing requirements of Language Development levels one and
two, occupations at those levels conflict with the
Plaintiff's restriction to work that does not require reading
or writing.

Jimenez, 2018 WL 4054876, at *9.  The court concluded that:

Courts must remand cases where the VE failed to inform the
ALJ of a discrepancy between his or her testimony and the
DOT. *See Sanchez*, 329 F. Supp. 2d at 454 (remanding the case
where the VE incorrectly denied any conflict between her
testimony and the DOT because the omission "deprived the ALJ
of an opportunity to ... make a precise and informed decision
in applying the medical evidence to the universe of jobs
available in the economy"). Where remand is required because
"the administrative record contains gaps, remand to the
Commissioner for further development of the evidence is
appropriate." *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir.
2004). Here, the record demonstrates that the ALJ inquired
about a conflict between the VE's testimony and the DOT and
the VE responded that there was no conflict. (Tr. 61.) Because
the VE neither identified the conflict nor provided a

reasonable explanation for the conflict, the record contains a gap regarding whether Plaintiff is capable of performing the jobs cited in the VE's testimony notwithstanding Plaintiff's limitation to jobs which do not require reading or writing in English for the performance of work tasks. Accordingly, Plaintiff's case must be remanded for further development consistent with this opinion.

Id. at *10.  See also Yulfo-Reyes v. Berryhill, No. 3:17CV02015 (SALM), 2018 WL 5840030, at *11 (D. Conn. Nov. 8, 2018) ("[t]he ALJ failed to resolve the conflict at the hearing by merely asking whether the VE's testimony was consistent with the DOT without any further discussion.  Particularly, the ALJ erred when he failed to identify the apparent conflict between the jobs the VE identified and the DOT definitions that require the employee to meet certain reading and writing requirements.") (internal quotations and citations omitted).

Here, as in Jimenez, the VE's testimony that a hypothetical person who can "recall and execute simple, routine instructions" (R. 614) can perform the job of material handler conflicts with the job's requirement that the person be able to carry out detailed instructions.  The VE did not identify the conflict. The ALJ did not ask him about the conflict nor resolve it as he is required to do.  See SSR 00-04p ("When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . to support a determination or decision that the individual is or is not disabled. The adjudicator will explain

in the . . . decision how he . . . resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified."). Therefore, this case must be remanded for further development of the record.

On remand the ALJ should address the parties' other arguments to help to assure a proper disposition of this claim.

## V.   CONCLUSION

For the reasons set forth above, the plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 15) is hereby GRANTED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 21) is hereby DENIED. This case is hereby REMANDED to the Commissioner for proceedings consistent with this order.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after this remand, any subsequent social security appeal is to be assigned to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 1st day of June 2020, at Hartford, Connecticut.

_____/s/AWT_____

Alvin W. Thompson

United States District Judge

11